UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | CRIMINAL NO. 04-10124-RGS |
| ) | |
| RICHARD VIKTOR RICHARDSON ) | |
| BALLESTER          ) | |

MOTION TO SUPPRESS STATEMENTS
AND PHYSICAL EVIDENCE

Defendant, Richard Ballester, moves this Court to suppress statements allegedly made by him to federal agents on March 17, 2004 and to federal agents and an Assistant United States Attorney on March 18, 2004, as well as any fruits of those statements.

As grounds for this motion defendant states:

1.  Defendant's statements were made in response to custodial interrogation.

2.  Defendant did not knowingly, intelligently and voluntarily waive his constitutional rights under Miranda v. Arizona, 384 U.S. 436 (1966). Dickerson v. United States, 530 U.S. 428 (2000).

STATEMENT OF FACTS

At about 9:00 p.m. on March 17, 2004, federal agents stopped defendant at Logan Airport, took him into custody and escorted him to a private room for questioning.  Affidavit of Defendant

attached hereto as Exhibit A.  Defendant remained there until about 12:40 a.m. being questioned by federal agents.  Matthew Gilmore Affidavit in Support of Complaint p.4 attached hereto as Exhibit B.  Defendant was twenty-two years old and a Spanish speaking native of the Dominican Republic.  Exhibit A.  No interpreter was present or made available.  Id.  He had never been arrested before.  Id.  He had never been interrogated before by police officers.  Exhibit A.  He was afraid.  Id.  None of the agents spoke Spanish and all of the agent's questions were in English.  Id.  Documents shown to defendant and which he was asked to sign were also in English.  Exhibit A.  Defendant remained in custody overnight.

    The following day, March 18, 2004, defendant was transported to the Federal Courthouse.  Exhibit A.  At about 11:45 a.m. prior to speaking to counsel and prior to an initial appearance before a magistrate, defendant was a taken to the United States Attorney's Office by United States Marshals where he was questioned by Assistant United States Attorney Patrick Hamilton, Agent Gilmore, Agent Coleman, and Task Force Officer Feeney. Customs Enforcement Reports 003, 004 attached hereto as Exhibit C.  No interpreter was present.  Exhibit A.

    Agent Gilmore asserts that defendant made statements on March 17 and 18 that demonstrate his knowing, willful and intentional importation of cocaine into the United States.

Exhibit B.  The Government has indicated it's intent to use the statements at trial.

## ARGUMENT

A. DEFENDANT DID NOT MAKE A KNOWING, INTELLIGENT AND VOLUNTARY WAIVER OF HIS MIRANDA RIGHTS.

The government may not use statements obtained through custodial interrogation of a defendant unless it demonstrates by a preponderance of the evidence that the defendant knowingly, intelligently, and voluntarily waived his right to remain silent and his right to have a lawyer present during questioning. Colorado v. Connelly, 479 U.S. 157, 168 (1986); Miranda v. Arizona, 384 U.S. 436, 444 (1966).

It is beyond dispute that defendant was in custody on March 17, 2004, when he was questioned by federal agents.  The agents had seized what they believed was his suitcase, located drugs inside a false bottom, and taken him into custody first for questioning and then to be arrested.  It is also beyond dispute that he was interrogated.  The only issue, then, is whether any waiver of defendant's rights to remain silent and to have a lawyer present was knowing, intelligent, and voluntary.

> The inquiry has two distinct dimensions. . . . First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception.  Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.  Only if the 'totality of the circumstances surrounding the interrogation' reveal

>   both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the <u>Miranda</u> rights have been waived.

<u>Moran v. Burbine</u>, 475 U.S. 412, 421 (1986) (citations omitted), quoted in <u>Colorado v. Spring</u>, 479 U.S. 564, 573 (1987).

Here, where defendant was young, inexperienced with the law, afraid of the authorities and a native Spanish speaker, he was unable to form a knowing, intelligent, and voluntary waiver of his Miranda rights.  At a minimum, a hearing is necessary to determine whether the purported waivers were made knowingly, intelligently, and voluntarily.

<u>REQUEST FOR EVIDENTIARY HEARING</u>

Defendant requests an evidentiary hearing on this motion. Since the government bears the burden of proving that defendant's Miranda waiver was given knowingly, intelligently, and voluntarily defendant reserves the right to supplement or amend this motion in response to the government's reply.

```
                              RICHARD VIKTOR RICHARDSON
                              BALLESTER
                              By his attorney,

                              /s/ Catherine K. Byrne

                              Catherine K. Byrne
                                 B.B.O. # 543838
                              Federal Defender Office
                              408 Atlantic Avenue, 3rd Floor
                              Boston, MA  02110
                              Tel: 617-223-8061
```