AO 245B    Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons - Sheet 1

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| UNITED STATES OF AMERICA | **STATEMENT OF REASONS** |
|---|---|
| **v.** | |

RICHARD VIKTOR RICHARDSON
BALLESTER

Case Number: **1: 04 CR 10124  - 01  - RGS**

CATHERINE BYRNE, ESQ.

Defendant's Attorney

[×]    The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ]    The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

[ ] See Continuation Page

**Guideline Range Determined by the Court:**

| | | | |
|---|---|---|---|
| Total Offense Level: | 27 | | |
| Criminal History Category: | I | | |
| Imprisonment Range: | 70 | to 87 | months |
| Supervised Release Range: | 3 | to 5 | years |
| Fine Range: | $ 12,500.00 | to $ 16,000,000.00 | |

| | |
|---|---|
| Defendant's Soc. Sec. No.:  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 | 06/09/05 |
| Defendant's Date of Birth:  00-00-00 | Date of Imposition of Judgment |
| Defendant's USM No.:  25152-038 | Signature of Judicial Officer |

Defendant's Residence Address:

PLYMOUTH COUNTY HOUSE OF CORRECTION
PLYMOUTH, MA

The Honorable Richard G. Stearns

Judge, U.S. District Court

Name and Title of Judicial Officer

**7- 1-05.**

Date

Defendant's Mailing Address:

SAME

AO 245B    Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons - Sheet 2

DEFENDANT:    RICHARD VIKTOR RICHARDSON BALLESTER

Statement of Reasons - Page ___2___ of ___3___

CASE NUMBER:    1: 04 CR 10124   - 01   - RGS

## STATEMENT OF REASONS

[**x**] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:    $ _____

[ ] Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

AO 245B  (Rev. 08/04) Criminal Judgment
        Supplemental Statement of Reasons

*p. 3 of 3*

DEFENDANT:     RICHARD VIKTOR RICHARDSON  **Ballester**
CASE NUMBER:  **1: 04 CR 10124  RGS  R**
DISTRICT:

## SUPPLEMENTAL STATEMENT OF REASONS

## APPLICABILITY OF THE FEDERAL SENTENCING GUIDELINES

☐    The court applied the Guidelines and all relevant enhancements in this case.

☐    The court found the Guidelines unconstitutional in part, and imposed a sentence in accordance with the constitutionally applied portions of the Guidelines.

☒    The court did not apply the federal sentencing guidelines at all in this case and imposed a discretionary sentence.
                    See attached memorandum.

☐    The court took some other action (Please explain below.):

☐    This judgment includes an alternative sentence.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 04-10124- RGS

UNITED STATES OF AMERICA

v.

RICHARD VIKTOR RICHARDSON BALLESTER

STATEMENT OF REASONS
FOR SENTENCE DETERMINATION

July 1, 2005

STEARNS, D.J.

This case involves a familiar issue – the fashioning of an appropriate sentence for

a courier (or "mule") in a drug importation conspiracy case. While often the least culpable

of the conspirators, because the Guidelines sentencing range is largely drug quantity-

driven, the courier typically faces the same (or sometimes greater) exposure as his more

culpable co-conspirators. An approach taken by many courts under the Guidelines prior

to Booker and Fanfan was to treat the courier's role in the offense as "minor" (or

sometimes "minimal") and to grant a corresponding two or four-level downward adjustment

in the offense level. See, e.g., United States v. Isaza-Zapata, 148 F.3d 236, 238-242 (3d

Cir. 1998).[1]

---

[1] There was no automatic minor role adjustment granted to drug couriers under the
prior sentencing regime. See United States v. Lopez-Gil, 965 F.2d 1124, 1131, (1st Cir.
1992) ("[A] drug courier is not entitled as of right to a reduction of the offense level as a
minimal or minor participant."). Indeed, some circuit courts were hostile to the idea of
granting any role adjustment at all. See, e.g., United States v. Lampkins, 47 F.3d 175,
180-181 (7th Cir. 1995).

The defendant in this case, Richard Ballester, is a 24 year old citizen of the Dominican Republic.     Ballester is college-educated, and was raised in relatively comfortable surroundings by devoted parents. Ballester has no prior criminal record. In 2003, Ballester's family was beset by financial difficulties and could no longer pay his college tuition. He withdrew from school and worked briefly in a bank before it failed. Unemployed and pressed for money, Ballester was approached through a casual acquaintance and offered a job transporting "documents" to the United States. Disregarding his father's vehement advice, Ballester accepted. On March 17, 2004, Ballester was detained after deplaning at Logan Airport by customs inspectors who were suspicious of his explanation of the purpose of his visit to the United States. Concealed in the suitcase he was carrying, the agents found two kilograms of cocaine and a kilogram of heroin.[2] While Ballester denies having ever been told that drugs had been hidden in the suitcase, he concedes that "in his heart" he knew that the supposed "documents" that he was being paid to deliver were in fact drugs.

On March 4, 2005, Ballester pled guilty. Under the drug equivalency calculations of the Sentencing Guidelines, Ballester's adjusted offense level was 29. As a first-time offender, he fell into a guideline range of 87-108 months. That range, however, was trumped by a mandatory minimum sentence of 120 months. After it was determined that Ballester met the "safety valve" criteria of U.S.S.G. § 5C1.2, the mandatory minimum

---

[2]The suitcase had been given to Ballester immediately prior to the flight by his Dominican intermediaries.

sentence was no longer applicable, and after a two-level "safety valve" adjustment, Ballester's adjusted offense level was 27 with a sentencing range of 70-87 months.[3]

At Ballester's sentencing hearing, the government advocated for a sentence at the guideline minimum of 70 months. Ballester's attorney argued for a non-guidelines sentence of 24 months, although on grounds that drew from guidelines considerations as well as the statutory criteria set out at 18 U.S.C. § 3553(a) (minimal or minor role, aberrant behavior, youth, unlikelihood of recidivism, adequate deterrence, just and proportional punishment). Ultimately, the court determined that a sentence of 42 months was reasonable under the circumstances. While the court agreed with Ballester's counsel that a 24-month sentence was sufficient to provide specific deterrence in Ballester's case, the court also expressed concern that a two-year sentence would be unlikely to deter others offered a similar opportunity in similar circumstances. In considering the goals of specific and general deterrence, the court struck a balance influenced by Ballester's otherwise law-abiding character, his youthful naiveté, his cooperation with authorities, and the unlikelihood of recidivism, as well as by the need to deter those who in the future are confronted with the same temptation.[4] Rather than using guideline departures to achieve the desired result, the court imposed an 18 U.S.C. § 3553 non-guidelines sentence based on the factors indicated above. Had the court imposed a guidelines sentence it would have

---

[3]Had the Probation Office accorded Ballester a role adjustment as a minor participant, the sentencing range would have been 57-71 months; if deemed a minimal participant, Ballester's sentencing range would have been 46-57 months.

[4]The court was also influenced by the fact that there is no dispute that Ballester is a first-time offender. The court has taken a harsher view in cases involving a second offense, even where knowledge of the second offense comes to light only because of a defendant's unsuccessful efforts to provide substantial assistance to the government. See Charles v. United States, 2003 WL 21184022 (D. Mass. May 20, 2003).

3

reached an identical result, give or take a month, by granting Ballester a two-level minor role reduction and a further three-level reduction for aberrant conduct, resulting in an adjusted offense level of 22 and a sentencing range of 41-51 months.

Respectfully submitted,

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

4